```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
EDITH URR,

                            Plaintiff,

                  -against-

**MEMORANDUM OF DECISION AND ORDER**
07-CV-2513 (ADS)(AKT)

JOSEFINO L. TESALONA,

                            Defendant.
```
----------------------------------------------------------X
```

**APPEARANCES:**

**Gerard A. Walters, Esq.**
Attorney for the Plaintiff
20 Vesey Street, Suite 700
New York, NY 10007

**The Law Offices of Frederick M. Sembler PLLC**
Former Attorney for the Plaintiff
501 Madison Avenue, 8th Floor
New York, NY 10022
        By: Frederick M. Sembler, Esq., Of Counsel

**SPATT, District Judge**.

On May 20, 2010, this Court issued an order addressing a motion by plaintiff Edith Urr's former attorney, Frederick M. Sembler, to recover attorneys' fees for work performed in the instant litigation as well as in probate proceedings before the New York County Surrogate's Court, In re Estate of Jeffrey Urr, No. 4306-2005. In seeking attorneys' fees, Sembler proceeded under two theories. First, Sembler sought to recover the fees as an account stated claim under New York law. The Court denied this claim with prejudice, finding that Urr had sufficiently shown that she had made timely objections to the reasonableness of the requested fees, which defeats a claim for fees and expenses as an account stated under New York law.

Second, Sembler sought to obtain a charging lien on any recovery Urr obtained in this matter pursuant to New York Judiciary Law § 475.  The Court first noted that it lacked jurisdiction to grant Sembler a charging lien in connection with the work he performed in the Surrogate Court's proceeding.  Next, the Court held that although it did have jurisdiction to entertain Sembler's motion for a charging lien on any recovery Urr may obtain in the instant proceeding, such a motion was premature absent a judgment upon which the charging lien could attach.  Thus, the Court denied Sembler's motion for a charging lien without prejudice to renew in the event that Urr obtained a favorable judgment in this case.

On June 3, 2010, Sembler filed the present motion seeking two modifications to the May 20, 2010 Order.  In particular, Sembler requests that (1) the Court modify a reference to a complaint that Urr filed against him with the New York State Judicial Disciplinary Committee to reflect that the action was dismissed; and (2) the Court specify that Sembler's charging lien attaches to any settlement of this proceeding in Urr's favor in addition to any judgment.  For the reasons set forth below, the Court grants Sembler's requests for modification.

**A.  As to the Reference to the New York Judicial Disciplinary Committee Complaint**

In rejecting Sembler's request for the full amount of outstanding fees as an account stated, the Court cited a number of objections by Urr to the reasonableness of the attorneys' fees that prevented Sembler from recovering on his claim.  One of the objections that the Court considered was that Urr had filed a complaint against Sembler with the New York State Judicial Disciplinary Committee challenging the reasonableness of his fees.  However, because the Court failed to note that Urr's complaint against Sembler had been dismissed, Sembler requests that the Court modify the May 20, 2010 Order to reflect the dismissal.  Urr does not oppose the

modification, but rather objects to any modification that does not explain the basis for the dismissal.

The Court agrees to modify the May 20, 2010 Order to reflect the dismissal of the complaint, and declines to address the merits of the dismissal. Accordingly, the Court hereby modifies the May 20, 2010 Order to include the following sentence after the first full sentence on the top of page 8:  <u>The Court notes that on July 9, 2008, the New York State Judicial Disciplinary Committee dismissed Urr's complaint against Sembler.</u>

**B.  As to the Reference to the Charging Lien**

In the instant motion, Sembler seeks to have the Court modify the May 20, 2010 Order to clarify that to the extent Sembler is entitled to a charging lien, the charging lien should be applicable to any settlement in addition to any judgment that Urr may obtain. Urr does object in principle to this modification. However, the parties dispute whether the language of the modification should indicate whether the charging lien should apply only to assets that are the subject of this litigation, or whether it would also apply to the probate assets that were part of the Surrogate's Court proceeding. Insofar as the Court has not determined whether Sembler is entitled to a charging lien, this issue is premature and can be addressed in Sembler's renewed motion for a charging lien. Accordingly, the Court modifies the May 20, 2010 Order to include the following sentence after the last sentence in section B on page 10:  <u>In addition, if this matter is resolved through settlement, Sembler may file a renewed motion for a charging lien within twenty days of execution of the settlement agreement.</u>

In addition, although not raised by either party, the Court notes that the May 20, 2010 Order should be modified to provide a date by which Sembler may renew his motion for a

3

charging lien. Therefore, the Court modifies the following sentence on page 11 of the May 20, 2010 Order to include the underlined portion as follows: Sembler may renew this motion in the event that Urr obtains a judgment, <u>or reaches a settlement</u>, to which a charging lien may attach <u>within twenty days of the date Urr obtains a judgment or executes a settlement agreement</u>.

**SO ORDERED.**

Dated: Central Islip, New York
March 29, 2011

                                              */s/ Arthur D. Spatt*
                                                  ARTHUR D. SPATT
                                           United States District Judge